[No. 31235. Department One. February 3, 1950.]

JAMES J. KEESLING, *Appellant,* v. GEORGE J. PEHLING *et al.,*
*Respondents.*[1]

*James J. Keesling, pro se.*

*Jonson & Jonson* and *Mary K. Sanders,* for respondents.

GRADY, J.—This is an appeal from a judgment dismissing
the action of appellant to secure a decree of reformation of
an option to purchase real estate.

On October 4, 1947, appellant and respondents executed
a written lease of a lot and dwelling house on a monthly
rental basis. The term of the lease was for one year, and
it extended to appellant an option to purchase the property
leased for $9,750. The document was prepared by appel-
lant, who is an attorney at law. At the time of the con-
struction of the house by respondents and when the lease
was made, there was in effect a regulation of the civil pro-
duction administration governing its sale price, which was
finally fixed at $8,125. The action was brought and tried
upon the theory that in making the part of the agreement
relating to the price of $9,750 the parties made a mutual

[1]Reported in 214 P. (2d) 506.

mistake, and that their intention was that the selling price should be the legal maximum sales price as established under the regulations then in effect.

The appellant advances the argument that, inasmuch as respondents admitted at the trial that all parties intended when the lease and option were executed to comply with the law, and as the maximum price regulation became a part of the contract the same as if it had been embodied therein, it must follow that in agreeing upon a price in excess thereof they made a mutual mistake.

■ We cannot accept this concept of "mutual mistake" as that term is understood in the law relating to the reformation of written instruments. A mutual mistake exists when both parties to a contract have an identical intention as to the terms to be embodied in the proposed contract, and the writing executed by them is materially at variance with such intention. *Moeller v. Schultz,* 11 Wn. (2d) 416, 119 P. (2d) 660.

It appears from the record that the house cost more to build than the regulation price, and respondents were not willing to sell the property for that price. They chose to rent it to appellant, but in granting an option to purchase they made the price $9,750. We need not consider whether they violated any law or regulation in making a continuing offer to sell their property at that price. If the regulation made unlawful a sale at a price above the prescribed maximum, the option was unavailable to appellant, and the offer could not be accepted.

■ There was no identical intention to sell and purchase at the regulation price of $8,125. Both parties are deemed to have known of the regulation, and, while they both affirm that in giving and taking the option they did not intend to violate any law, it can not be said they therefore mutually intended the price to have been other than expressed in the document. The appellant has not proven a

mutual mistake entitling him to a reformation of the option to purchase contained in the lease.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.